# Third District Court of Appeal

## State of Florida

Opinion filed April 17, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0232
Lower Tribunal No. F15-4909
_____

**John Latham,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Zachary James, Judge.

John Latham, in proper person.

Ashley Moody, Attorney General, for appellee.

Before EMAS, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed.  See Fla. R. Crim. P. 3.853(b) (requiring that a motion for postconviction DNA testing contain, inter alia: a statement that the evidence was not previously tested for DNA, that the results of previous DNA testing were inconclusive and that subsequent scientific developments in DNA testing techniques likely would produce a definitive result establishing that the movant is not the person who committed the crime; a statement that the movant is innocent and how the DNA testing requested by the motion will exonerate the movant of the crime for which the movant was sentenced, or a statement how the DNA testing will mitigate the sentence received by the movant for that crime; and a statement that identification of the movant is a genuinely disputed issue in the case and why it is an issue or an explanation of how the DNA evidence would either exonerate the defendant or mitigate the sentence that the movant received).  See also Bates v. State, 3 So. 3d 1091, 1098 (Fla. 2009) ("[A] defendant's motion must explain how the DNA testing requested will exonerate the defendant or mitigate the defendant's sentence. A defendant's motion 'is facially sufficient with regard to the exoneration issue if the alleged facts demonstrate that there is *a reasonable probability that the defendant would have been acquitted if the DNA evidence had been admitted at trial*.' Knighten v. State, 829 So. 2d 249, 252 (Fla. 2d DCA 2002). 'The clear requirement of [the] provisions [of rule 3.853] is that

2

a movant . . . must lay out with specificity how the DNA testing of each item requested to be tested would give rise to a reasonable probability of acquittal or a lesser sentence.' <u>Hitchcock v. State</u>, 866 So. 2d 23, 27 (Fla. 2004). Further, 'the movant must demonstrate the nexus between the potential results of DNA testing on each piece of evidence and the issues in the case.' <u>Id.</u>") (emphasis added).